# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DOCKET NO. 1: 07-CR-175**
**CHIEF JUDGE YVETTE KANE**

**UNITED STATES OF AMERICA**

**V.**

**LEON WILLIS FREDERICKS**

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Above Defendant, by counsel, Steve Rice, makes above objections as set forth below:

1. On August 1, 2007, pursuant to a plea agreement, Defendant pleaded guilty to count one of the superseding indictment filed on June 13, 2007, 18 U.S.C.A. § 2423(a), transportation of minors—travel with intent to engage in illicit sexual conduct.

2. On September 28, 2007, undersigned received a copy of a presentence investigation report dated September 27, 2007. In such report, there is an indication that:

   a. Defendant's former wife, Helene Fredericks, believes that Defendant "could have" sexually abused his daughter, Sonya, and that he did "inappropriate[ly] touch[]" her. Presentence report at 11. Defendant denies the truth of such indication and objects to any reliance on Ms.

Frederick's statement for purposes of sentencing. (Based on prior communications with the attorney for the United States, Gordon Zubrod, Esq., it is undersigned's understanding that the United States does not intend to litigate the issue. Moreover, the probation officer preparing the report, Lori Baker does not identify this factor as a basis for warranting a departure from the guidelines.)

b. Although Defendant told an undercover police officer posing as a minor that "he was going to take pictures and video of her," *id.* at 4, "[n]o photographic or video equipment was found in the vehicle." *id.* at 5. Defendant objects to any reliance on such statement for purposes of sentencing, including the cross-reference under section 2G1.3(c)(1), on sufficiency grounds. (Based on prior communications with the attorney Zubrod, it is undersigned's understanding that the United States agrees that the cross-reference does not apply. Moreover, Officer Baker does not identify this factor as a basis for warranting a departure from the guidelines.)

c. A forensic examination of Defendant's computer(s) revealed a number of items of suspected child pornography. Defendant objects to any reliance on such indication, or the case agent's opinion that some of girls "appear to be in the sixteen to seventeen-year-old age range,"*id.* at 6., for purposes of sentencing, on sufficiency and foundation grounds. (Based on prior

2

communications with the attorney Zubrod, it is undersigned's understanding that the United States does not intend to litigate the issue. Moreover, Officer Baker does not identify this factor as a basis for warranting a departure from the guidelines.)

3. Defendant asks for a hearing to resolve any material facts in dispute.

Respectfully submitted,
STEVE RICE, P.C.

Dated: 10/1/07

Steve Rice, ID No. 85612
Attorney for Defendant
18 Carlisle Street, Suite 215
Gettysburg, PA 17325
717.339.0011

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing document upon the persons and in the manner indicated below. The manner of service satisfies the requirements of F.R.Crim.P.49 and/or Local Rule 5.7.

**Service by __ Personal Delivery ✓ Electronically Noticed __ First Class Mail:**

Gordon Zubrod, Assistant U.S. Attorney
United States Attorney's Office
P.O. Box 11754
228 Walnut Street
Harrisburg, PA 17108-1754
717.221.4482

**Service by __ Personal Delivery __ Electronically Noticed ✓ First Class Mail:**

Lori A. Baker, U.S. Probation Officer
Probation Office
P. O. Box 805
Harrisburg, PA 17108-0805
717.901.2860

_____
Steve Rice, Esq., No. 85612
Attorney for Defendant

Dated: 10/1/07